UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

<table>
<tr><td>RALPH B. STONE,<br><i>Plaintiff</i>,<br><br>v.<br><br>COMMUNITY HEALTH CENTER, INC.,<br>ABLAN H. BERKO,<br><i>Defendants</i>.</td><td>No. 3:19-cv-662 (VAB)</td></tr>
</table>

**RULING AND ORDER**

Ralph Stone ("Plaintiff") has sued Community Health Center, Inc. and Ablan Berko

(collectively "Defendants") in connection with the medical treatment he received in September

of 2016.

For the following reasons, the motion to dismiss is GRANTED.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

   A.      **Factual Allegations**

In September 2016, Mr. Stone allegedly sought medical care from Mr. Berko and

Community Health Center. Compl., ECF No. 1-2 ¶ 3. After allegedly being diagnosed and

instructed to return in two weeks, if his condition worsened, Mr. Stone returned four days later

and reported the condition had worsened. *Id*. ¶ 3-4. Mr. Stone then allegedly received a

prescription for Cipro, an antibiotic, and had to return in two weeks. *Id*. ¶ 5.

On October 7 and 10, 2016, Mr. Stone allegedly "was seen by Community Health Center

physician Matthew Huddleston MD" who instructed him to seek emergency care. *Id*. ¶ 6. Mr.

Stone was admitted "for a course of treatment and multiple surgeries for abdominal sepsis and

related conditions, which lasted continuously until his discharge on January 3, 2017." *Id*.

**B.      Procedural History**

On May 1, 2019, Defendants Community Health Center, Inc. and Mr. Berko removed this case from Middletown Superior Court. Notice of Removal, ECF No. 1 (May 1, 2019).

On June 24, 2019, Defendants timely filed a motion to dismiss. Mot. to Dismiss, ECF No. 10 (June 24, 2019); Mem. in Support, ECF No. 10-1 (July 15, 219) ("Defs.' Mem."); Ex. 1-2, ECF Nos. 10-2,3 (June 24, 2019). Defendants argued that the United States must be substituted for both Berko and the Community Health Center, as the sole defendant. Defs.' Mem. at 2.

On August 12, 2019, Plaintiff timely filed a memorandum in opposition. Pl. Opp'n, ECF No. 18 (Aug. 12, 2019). Plaintiff, at the time of filing, was unable "to formulate a sufficiently informed position as to the merits of the defendants' assertions." *Id*. at 1. Plaintiff asserted he would respond after "the necessary information [was] made available and [ ] request[ed] that no action be taken on the defendants' motion until [Plaintiff] has had reasonable opportunity to do so." *Id*. at 2.

On November 1, 2019, Plaintiff filed a supplemental memorandum withdrawing its opposition. Suppl. Mem., ECF No. 22 (Nov. 1, 2019) ("Pl. Suppl. Mem."). Plaintiff was satisfied with Defendants' submissions and "accordingly withdraws his opposition to the defendants' motion." *Id*. at 2. "Upon dismissal, the plaintiff will proceed by way of administrative claim as provided by statute." *Id*.

**II.     STANDARD OF REVIEW**[1]

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure,

---

[1] This case could be dismissed under Fed. R. Civ. P. 41(a)(1)(A)(i), which states that a "plaintiff may dismiss an action without a court filing by: a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."

[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). "Under Rule 41(a)(2), a Court may grant the dismissal without prejudice on 'terms that the court considers proper[.]'" *62-64 Kenyon Street, Hartford, LLC v. City of Hartford*, No: 3:16-cv-617, 2018 WL 6182421, at *2 (D. Conn. Nov. 26, 2018).

Courts allow "voluntary dismissal without prejudice under Rule 41(a)(2) . . . if the defendant will not be prejudiced thereby." *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001). The factors the Court should consider in assessing whether defendants will be prejudiced and whether dismissal is appropriate include: (1) "the plaintiff's diligence in bringing the motion," (2) "any undue vexatiousness on plaintiff's part," (3) "the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial," (4) "the duplicative expense of relitigation," and (5) "the adequacy of plaintiff's explanation for the need to dismiss." *Id*. at 110 (quoting *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)).

## III. DISCUSSION

The Court considers Plaintiff's supplemental memorandum as a withdrawal of any opposition to dismissing this case. In other words, Plaintiff seeks to have this case voluntarily dismissed. None of the factors considered by courts in this Circuit warrant denying Plaintiff's withdrawal.

Mr. Stone notified the Court soon after reviewing the documents necessary to respond to Defendants' motion to dismiss, the dismissal was not intended to harass defendants, the litigation is currently in very early stages, there is no concern about relitigating, and Mr. Stone's rationale, the intention to pursue administrative remedies, is satisfactory. *See In re Solv-Ex Corp. Sec. Litig.*, 62 F. App'x 396, 398 (2d Cir. 2003) (affirming grant of voluntary dismissal when "(1) plaintiffs did not delay in bringing the motion; (2) there is no suggestion that plaintiffs were attempting to harass [defendant] by pursuing their legal claims; (3) the action has progressed very little and, as no discovery has taken place, the expense to [defendant] has been relatively minimal; (4) plaintiffs' explanation for dismissing the action . . . is entirely reasonable."); *MBRO Capital LLC v. Stolzar*, No. 3:09-cv-1688 (CSH), 2011 WL 65923, at *3 (D. Conn. January 5, 2011) (dismissing the case where parties had conducted a 26(f) scheduling conference and discovery was in its initial phase because "[t]he case had not progressed far"). Finally, Defendants will not be prejudiced if the case is dismissed at this stage in the litigation. *Cf. D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (prejudice to the defendant will occur "when 'the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action'" (quoting *Jones v. Sec. & Exchange Comm'n*, 298 U.S. 1, 20 (1936))**.** Indeed, Plaintiff's approach is consistent with the Defendants' motion. *Compare* Defs.' Mem. at 7 ("Because this action is governed by the FTCA, 28 U.S.C. §§ 267, et. seq., pursuant to 28 U.S.C. § 2675(a), the complaint should be dismissed under Rule 12(b)(1) as the Plaintiff has not indicated that he exhausted administrative remedies as required by law." (emphasis in the original)); *with* Pl. Suppl. Mem. at 3 ("Upon dismissal, the plaintiff will proceed by way of administrative claim as provided by statute.").

**IV.     CONCLUSION**

For the foregoing reasons, the case is DISMISSED.

The Clerk of Court is respectfully directed to close this case.


SO ORDERED at Bridgeport, Connecticut, this 22nd day of January, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE