UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RALPH B. STONE,
    *Plaintiff*,

v.

COMMUNITY HEALTH CENTER, INC.,
ABLAN H. BERKO,
    *Defendants*.

No. 3:19-cv-662 (VAB)

**RULING AND ORDER**

Ralph Stone ("Plaintiff") has sued Community Health Center, Inc. and Ablan H. Berko (collectively "Defendants") in connection with the medical treatment he received in September of 2016.

For the following reasons, Plaintiff's motion for reconsideration (**ECF No. 26**) is **GRANTED**, Defendants' motion for reconsideration (**ECF No. 27**) is **DENIED as moot**, the Court's Dismissal Order and the Order finding Defendant's motion to dismiss moot are **VACATED** (**ECF Nos. 24 and 25**), and Defendants' motion to dismiss and substitute (**ECF No. 10**) is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

In September 2016, Mr. Stone allegedly sought medical care from Mr. Berko and Community Health Center. Compl., ECF No. 1-2 ¶ 3. After allegedly being diagnosed and instructed to return in two weeks if his condition worsened, Mr. Stone returned four days later and reported the condition had worsened. *Id*. ¶ 3-4. Mr. Stone then allegedly received a prescription for Cipro, an antibiotic, and had to return in two weeks. *Id*. ¶ 5.

1

On October 7 and 10, 2016, Mr. Stone allegedly "was seen by Community Health Center physician Matthew Huddleston MD" who instructed him to seek emergency care. *Id*. ¶ 6. Mr. Stone was admitted "for a course of treatment and multiple surgeries for abdominal sepsis and related conditions, which lasted continuously until his discharge on January 3, 2017." *Id*.

B.   **Procedural History**

On May 1, 2019, Defendants removed this case from Middletown Superior Court. Notice of Removal, ECF No. 1 (May 1, 2019).

On June 24, 2019, Defendants timely filed a motion to dismiss. Mot. to Dismiss, ECF No. 10 (June 24, 2019); Mem. in Support, ECF No. 10-1 (July 15, 219) ("Defs.' Mem."); Ex. 1-2, ECF Nos. 10-2,3 (June 24, 2019). Defendants argued that the United States must be substituted for both Berko and the Community Health Center, as the sole defendant. Defs.' Mem. at 2.

On August 12, 2019, Plaintiff timely filed a memorandum in opposition. Pl.'s Opp'n, ECF No. 18 (Aug. 12, 2019). Plaintiff, at the time of filing, was unable "to formulate a sufficiently informed position as to the merits of the defendants' assertions." *Id*. at 1. Plaintiff asserted he would respond after "the necessary information [was] made available and [ ] request[ed] that no action be taken on the defendants' motion until [Plaintiff] has had reasonable opportunity to do so." *Id*. at 2.

On November 1, 2019, Plaintiff filed a supplemental memorandum withdrawing its opposition. Suppl. Mem., ECF No. 22 (Nov. 1, 2019) ("Pl. Suppl. Mem."). Plaintiff was satisfied with Defendants' submissions and "accordingly withdr[ew] his opposition to the defendants' motion." *Id*. at 2. "Upon dismissal, the plaintiff will proceed by way of administrative claim as provided by statute." *Id*.

On January 22, 2020, the Court issued an order dismissing the case, interpreting Plaintiff's previous memorandum, Pl. Supp. Mem., as voluntarily withdrawing the case. Order, ECF No. 24 (Jan. 22, 2020) ("Dismissal Order"). The Court also found Defendants' motion to dismiss as moot. Order, ECF No. 25 (Jan. 22, 2020) ("Order – Mot. to Dismiss Moot").

On January 29, 2020, Plaintiff submitted a motion for reconsideration, Pl.'s Mot. for Reconsideration, ECF No. 26 (Jan. 29, 2020) ("Pl.'s Mot.") and a supporting memorandum, Pl.'s Mem., ECF No. 26-1 (Jan. 29, 2020). Defendants also submitted a motion for reconsideration. Defs.' Mot. for Reconsideration, ECF No. 27 (Jan. 29, 2020) ("Defs.' Mot.").

## II. STANDARD OF REVIEW

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Indeed, "[m]otions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions." D. Conn. L. Civ. R. 7(c); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 108 (2d Cir. 2013) ("It is well-settled that a party may not move for reconsideration and obtain relief only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Quoting *Virgin Atl. Airways, Ltd. V. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

"Reconsideration is not intended for the court to reexamine a decision or the party reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) (citing to *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)). "A motion for

reconsideration 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the applie'[.]" *Mandell v. Doloff*, No. 3:17-cv-01282-MPS, 2018 WL 3677895, at *1 (D. Conn. Aug. 2, 2018) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012); *accord Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.'").

## III. DISCUSSION

Plaintiff requests that this case not be dismissed based on Plaintiff's withdrawal of his objection and instead be dismissed for a failure to exhaust administrative remedies. Pl.'s Mem. at 1. Plaintiff agrees that the "United States should be substituted and the action dismissed for failure to exhaust administrative remedies" against all named defendants." *Id.* at 1-2. Without a dismissal based on a failure to exhaust administrative remedies, Plaintiff cannot file his administrative claim under 28 U.S.C. § 1679(d)(5). *Id*. at 2.

Defendants agree that the Court should "enter orders substituting the United States as the sole party defendant" and grant the Defendants' previously filed motion to dismiss for lack of subject matter jurisdiction. Defs.' Mot. at 1-2.

Accordingly, the Court will vacate its previous Dismissal Order and vacates its previous Order – Mot. to Dismiss Moot, and now grants Defendants' motion to dismiss, finding Plaintiff failed to exhaust his administrative remedies. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (giving the court inherent authority to manage its docket with a "view toward the efficient and expedient resolution of cases").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (**ECF No. 26**) is **GRANTED**, Defendants' motion for reconsideration (**ECF No. 27**) is **DENIED as moot**, the Court's Dismissal Order and the Order finding Defendant's motion to dismiss moot is **VACATED** (**ECF Nos. 24 and 25)** and Defendants' motion to dismiss and substitute (**ECF No. 10**) is **GRANTED**.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 31st day of January, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE